# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION
# CASE NO.: 0:16cv60959

MARC ANTHONY WILLIS

      PLAINTIFF,

V.

City of Coral Springs, *a Florida municipal corporation*; NICOLE HILDEBRANDT, INDIVIDUALLY, and in her official capacity as a Police Officer for the City of Coral Springs,


      DEFENDANTS.
_____/


## COMPLAINT

    Plaintiff, Marc Anthony Willis, (hereinafter referred to as "Willis") by and through the undersigned counsel, sues the Defendants, Nicole Hildebrandt (hereinafter referred to as "Hildebrandt"), City of Coral Springs , a Florida municipal corporation  (hereinafter referred to as "CITY"); and in support thereof, alleges as follows:

## JURISDICTION

    1.    This is a civil action seeking money damages in excess of $75,000 dollars, exclusive of costs, interest, and attorney's fees. Jurisdiction is vested in this court pursuant to Section 26.012, Florida Statutes.

    2.    Plaintiff, Marc Anthony Willis is a citizen of the United States of America and a

1

resident of Broward County, Florida.

3.      This action is brought pursuant to 42 U.S.C. §§1983, 1988, the Fourth and

Fourteenth Amendments to the United States Constitution, and the tort law of Florida.

Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitutional

provisions mentioned above, and under the tort law of Florida.

4.      The PLAINTIFF further invokes the supplemental jurisdiction of the United States

District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. 1367(a).

5.      The acts and practices constituting the violations alleged herein have occurred

within the jurisdiction of the United States District Court, in and for the Southern District of

Florida.

6.      PLAINTIFF presented his claim in writing to the DEFENDANT CITY by means

of a letter of demand for damages pursuant to the provisions of Florida Statute 768.28 within

three (3) years of the accrual of cause of action.

7.      The Defendant CITY never made a final disposition of the written claims of

PLAINTIFF within six (6) months of their presentation.

8.      Plaintiff has fully complied with all conditions precedent to bringing this action

imposed by the laws of the State of Florida, and particularly by the provisions of §768.28 of the

Florida Statutes.

## **PARTIES**

9.      Plaintiff MARC ANTHONY WILLIS is a citizen and resident of Broward

County, Florida and was over the age of 18 and was sui juris.

10.     At all times referred to herein, Defendant NICOLE HILDEBRANDT was over the

age of 18 and was sui juris and was acting under color of law as an Officer of the Coral Springs Police Department and in such capacity, as an agent, servant, and employee of the City of Coral Springs, Coral Springs, Broward County, Florida.

11.     Defendant, HILDEBRANDT, is a resident of Broward County, Florida.

12.     Defendant CITY at all times material hereto was a Florida municipal corporation, with principal office and place of business in Coral Springs, Broward County, Florida and was sui juris.

13.     In connection with the acts, practices and violations alleged below, the Defendant NICOLE HILDEBRANDT has either directly or indirectly violated Plaintiff's constitutional rights.

14.     At all times material hereto, Defendant CITY OF CORAL SPRINGS was the respondeat superiors of Defendant NICOLE HILDEBRANDT.

15.     Said Defendant, CITY, is responsible for the conduct of the Police Officers in its employ and ensuring that its deputies, employees, servants and agents obey the laws of the State of Florida and the United States.

16.     Defendant, CITY is a Florida municipal corporation located in the Southern District of Florida, and organized and existing under the laws of the State of Florida.  In this cause, the City acted through its agents, employees, and servants, including Defendant HILDEBRANDT and others.

17.     At all times material hereto, HILDEBRANDT was acting within the course and scope of her employment as a police officer with the City's Police Department. As a consequence thereof, CITY is liable as hereinafter alleged under the Doctrine of Respondeat Superior.

18.     At all times material hereto, HILDEBRANDT, was acting under color of law, to-wit: under color of the statutes, ordinances, regulations, customs and usages of the United States and of the State of Florida and the City's Police Department, pursuant to their respective authority to maintain a municipal police department.

19.     Said Defendant, HILDEBRANDT, is being sued in her individual and official capacities.

20.     Plaintiff has retained the Law Offices of Brown & Associates, P.A., to represent him in this matter and has agreed to pay a reasonable fee for its services.

## FACTUAL ALLEGATIONS

21.     On April 29, 2013, at approximately 7:00 PM Police Officer Nicole Hildebrandt of the City's Police Department was on duty in Coral Springs at the location of 9936 Royal Palm Blvd in Coral Springs in Broward County Florida and the Southern District of Florida This location is hereafter referred to as "Plaintiff's home".

22.     Defendant Hildebrandt was at Plaintiff's residence because of alleged noise complaints received by the City of Coral Springs.

23.     On or about April 29, 2013, Plaintiff Willis was at Plaintiff's residence working on his vehicle in the front of his home.

24.     On or about April 29, 2013, as the Plaintiff Willis was working on his vehicle, Defendant Hildebrandt approached and informed the Plaintiff that the radio in his automobile needed to be turned down.

25.     Plaintiff Willis thereafter complied and turned his radio down.

26.     Thereafter, Defendant Hildebrandt said words to the effect "that's not low

4

enough".

27.     Plaintiff Willis thereafter turned the radio off.

28.     Defendant Hildebrandt asked Plaintiff Willis "what the hell is your problem".

29.     Plaintiff Willis stated that he did not have a problem and attempted to explain to Defendant Hildebrandt what he was doing with his vehicle.

30.     Defendant Hildebrandt became belligerent with the Plaintiff Willis suggesting that Plaintiff Willis had no right to be in the neighborhood.

31.     Defendant Hildebrandt told Plaintiff to turn around and get up against his vehicle.

32.     Defendant Hildebrandt asked the Plaintiff if he had ID.

33.     Plaintiff Willis advised Defendant Hildebrandt that his driver's license was in his house and asked if he could get the driver's license.

34.     Defendant Hildebrandt, said no and refused to allow Plaintiff to obtain and present his driver's license from his house.

35.     Defendant Hildebrandt, became extremely aggressive toward Plaintiff Willis.

36.     Plaintiff Willis continued to completely comply with Defendant Hildebrandt's commands despite Defendant Hildebrandt refusal to allow Plaintiff to get his driver's license.

37.     Plaintiff Willis continued to explain to Defendant Hildebrandt why he was there.

38.     This action by Plaintiff further enraged Defendant Hildebrandt whom escalated her aggression toward the Plaintiff.

39.     Defendant Hildebrandt, then told Plaintiff Willis to place his hand behind his back.

40.     Plaintiff Willis complied.

5

41.     Defendant Hildebrandt's placed hand cuffs on Plaintiff Willis.

42.     However during this process Defendant Hildebrandt's aggression escalated to an outright physical attack on the Plaintiff, including but not limited to the twisting of Plaintiff's arm and throwing the Plaintiff hard against his vehicle.

43.     Defendant Hildebrandt then took Plaintiff into custody and the Plaintiff was arrested.

44.     Defendant Hildebrandt had no justification for asking the Plaintiff to produce identification while he was on his own property.

45.      Defendant Hildebrandt had no justification for aggressively pushing and striking the Plaintiff against his vehicle.

46.      Defendant Hildebrandt had no justification for ultimately arresting Plaintiff.

47.      Defendant Hildebrandt did not, at any time, have probable cause to arrest Plaintiff.

48.     Based on information provided by Defendant Hildebrandt, the Broward County State Attorney's Office filed a one Count Information against the Plaintiff for resisting, obstructing a police officer without violence F.S. 843.02.

49.     For the charge of Resisting an Officer without violence, a conviction for this offense requires proof that the officer was engaged in the performance of a lawful duty and here the officer was not.

50.     On February 26, 2014  all charges alleged against the Plaintiff Willis (the defendant in the criminal case) were dropped by the Broward County State Attorney's Office.

51.     The Defendant HILDEBRANDT was in police uniform during this entire

6

encounter.

52.     The Defendant, HILDEBRANDT was negligent in her actions.

53.     The Defendant, HILDEBRANDT, used excessive force by twisting the Plaintiff's

arms and throwing him against his vehicle.

54.     The actions of the Defendant, HILDEBRANDT endangered the life of the

Plaintiff.

55.     The Plaintiff was placed in grave danger by the conduct of the Defendant,

HILDEBRANDT.

56.     At no time did Plaintiff pose any threat to Defendant, HILDEBRANDT.

57.     At no time did Plaintiff display a furtive appearance or suspicious conduct.

58.     At no time did there exist any probable cause or reasonable suspicion to believe

that Plaintiff had violated any state or local laws or any traffic ordinances.

59.     At all times Plaintiff's vehicle was legally parked in the front of Plaintiff's home.

60.     Defendant HILDEBRANDT had an unjustified belief that the Plaintiff did not

belong in the neighborhood because of his race.

61.     This unjustified belief and her unjustified prejudice toward the Plaintiff caused

Defendant HILDEBRANDT to take the herein described aggressive actions against the Plaintiff.

62.     Plaintiff suffered severe injuries due to the actions of the Defendant

HILDEBRANDT.

63.     That as a direct and proximate result of the severe, unjustified and illegal,

unprovoked, intentional force inflicted upon the Plaintiff by Defendant HILDEBRANDT while

acting as agents and/or employee of the Defendants, CITY OF CORAL SPRINGS the Plaintiff

suffered severe injuries.

64.     At all times material to this incident, The Defendant CITY OF CORAL SPRINGS and its agent and/or employees, acted in reckless disregard to the United States and Florida Constitutional and statutory prohibitions and guarantees under color of the State law.

65.     At all times material to this incident, The Defendant HILDEBRANDT, acted in reckless disregard to the United States and Florida Constitutional and statutory prohibitions and guarantees under color of the State law.

66.     Plaintiff suffered the following injuries, losses and damages:

a.     Suffered mental and physical pain from his injuries received at the hands of Defendant, HILDEBRANDT;

b.     Had his civil rights guaranteed to him by the United States and Florida Constitution and Statutes violated;

c.     Incurred the expense of hiring an attorney to represent him as a result of the false and malicious criminal charges placed against him;

d.     Lost wages and time from work;

e.     Spent time incarcerated as a result of the false and malicious charges placed against him by Defendant;

f.     Incurred medical expenses in the treatment of his injuries, which will continue into the future.

g.     Loss of property as his vehicle was wrongfully taken from him as a result of his wrongful arrest.

8

## CAUSES OF ACTION

## COUNT I

## <u>VIOLATION OF 42 U.S.C. §1983</u>

Plaintiff repeats and realleges Paragraphs 1 through 62 above as if more fully set forth herein and further alleges:

67.     Defendant HILDEBRANDT, while acting under color of State Law and as agent and/or employee of CITY OF CORAL SPRINGS, used excessive force, unnecessary force, assaulted and battered Plaintiff WILLIS, in violation of his constitutional rights guaranteed by the Constitution and laws of the United States; in particular, violation of his privileges and immunities including equal protection under the due process clause of the Fourteenth Amendment of the United States Constitution.

68.     That Defendant HILDEBRANDT, while acting under the color of State law during the incident described herein, did then and there illegally and unnecessarily use force to assault, batter and arrest the Plaintiff causing injuries and wounds which ultimately resulted in the Plaintiff undergoing medical care and treatment.

69.     That the foregoing actions on the part of Defendant HILDEBRANDT constitute excessive, unnecessary and illegal use of force and authority and were below the reasonable standard of care to be exercised on behalf of the police officer dealing with the members of the public.

70.     Defendant HILDEBRANDT did unlawfully and wrongfully assault, batter, injure, and arrest Plaintiff WILLIS, thereby depriving him of his rights, privileges and immunities secured by the Constitution and laws of the United States. The assault, battery and use of

excessive and/or illegal , unnecessary force used by Defendant HILDEBRANDT operated to deprive Plaintiff of the following Constitutionally guaranteed rights and privileges:

       a.      The right and privilege to be secure in his person while in the custody of the State of Florida;

       b.      The right and privilege not to be deprived of his right and liberty without due process of law;

       c.      The right and privilege to be free from unlawful attacks upon the physical integrity of his person;

       d.      The right and privilege not to be subjected to punishment without due process of law;

       e.      The right and privilege to be immune while in the custody of persons acting under  color of law of the State of Florida from illegal assault and battery by any person exercising the authority of said state; and

       f.      The right and privilege to be free from cruel and unusual punishment.

71.      As a direct and proximate result of the actions described aforesaid committed under color of law as a City of Coral Springs's Office Deputy acting within the scope of her employment and pursuant to authority vested in him by CITY OF CORAL SPRINGS, HILDEBRANDT caused the Plaintiff to sustain severe injuries to his body and mind, be unlawfully arrested and incarcerated and spend sums of money to defend himself from Defendant, HILDEBRANDT'S, illegal acts.

72.      Defendant HILDEBRANDT'S use of excessive, illegal and unjustified force without legal provocation or probable cause, committed under color of State law, deprived

Plaintiff of his rights, privileges and immunities under the Law and Constitution of the United States. Defendant HILDEBRANDT acted illegally and in total disregard of the human rights of the Plaintiff when Defendant HILDEBRANDT unlawfully and without provocation assaulted and battered the Plaintiff during the incident described herein.

**WHEREFORE**, Plaintiff prays this Court assess compensatory damages against the Defendant HILDEBRANDT, in excess of Seventy Five Thousand ($75,000.00) Dollars together with reasonable attorneys fees and costs as provided in 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II

## DEPRIVATION OF CIVIL RIGHTS

Plaintiff repeats and realleges Paragraphs 1 through 62 above as if more fully set forth herein and further alleges:

73.     This is an action for damages pursuant to 42 U.S.C. §1983.

74.     Defendant, CITY OF CORAL SPRINGS, as policy making officials have a duty to adequately train and supervise the police officers of the CORAL SPRINGS POLICE DEPARTMENTin proper techniques and use of force. This Defendant is also under a duty to detect, prevent and correct excessive uses of force by police officers/deputies in the City of Coral Springs's Office in order to avoid unconstitutional deprivations of citizens rights guaranteed pursuant to the 14th Amendment of the United States Constitution and the laws of the United States.

75.     Furthermore, Defendant CITY OF CORAL SPRINGS has a duty as policy making

11

officials to ensure safe apprehension of suspects, to adequately supervise and provide adequate

supervision, to prevent assaults and battery's to arrestees and to prevent unconstitutional

deprivation of citizen's rights pursuant to the 14th Amendment of the United States Constitution

and the laws of the United States while an arrestee is in the custody of CITY OF CORAL

SPRINGS, its employees and agents.

      76.    Defendant CITY OF CORAL SPRINGS, as policy making officials have

continually failed to establish appropriate police procedures and train not only other police

personnel, but in this instance, specifically Officer HILDEBRANDT:

      a.    to  prevent unconstitutional deprivations by HILDEBRANDT of the right

to and privilege to WILLIS to be secure in his person while in custody of the State of Florida;

      b.    to prevent unconstitutional deprivations by HILDEBRANDT, of the right

and privilege of WILLIS not to be deprived of his rights and liberty without due process of law;

      c.    to prevent unconstitutional deprivations by HILDEBRANDT, of the right

and privilege of WILLIS not to be subject  to punishment without due process of law;

      d.    to prevent unconstitutional deprivations by HILDEBRANDT, of the right

and privilege  of WILLIS to be free from cruel and unusual punishment;

      e.    employing other deputies/police officers as well as HILDEBRANDT

whose employment in law enforcement presented an unreasonable risk of harm to persons

including WILLIS;

      f.    failing to guard against a potential hazard to members of the public by not

selecting proper or competent police officers/deputies;

      g.    Failing to provide proper guidelines and regulations concerning the proper

use of weapons or force during an arrest.

77.     These deprivations are continuing and systemic in nature and not merely an isolated incident sufficient to create a formal custom or policy of the CITY OF CORAL SPRINGS.

78.     Moreover, Defendant CITY OF CORAL SPRINGS knew or should have known of these continuing deprivations of civil rights and knew or should have known of these actual and potential problems and has failed to take the adequate and necessary steps to correct or prevent them. Thus, Defendant CITY OF CORAL SPRINGS has failed to exercise its duties and supervise the institution under its control.

79.     As a result of this deprivation of constitutional rights, Plaintiff suffered the following injuries, losses and damages:

      a.     suffered mental and physical pain from his injuries received at the hands of HILDEBRANDT;

      b.     Lost time from work;

      c.     incurred medical expenses in the treatment of his injuries which will continue in the future;

      d.     incurred the expense of hiring an attorney to represent him.

**Wherefore**, Plaintiff demands Judgment against Defendant CITY OF CORAL SPRINGS, in his official capacity with the Coral Springs Police Department, in excess of seventy five thousand dollars ($75,000) together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988 and other such relief as this court would deem necessary and proper.

## COUNT III

## FEDERAL LAW CLAIM AGAINST DEFENDANT HILDEBRANDT, INDIVIDUALLY, FOR   FALSE ARREST/FALSE IMPRISONMENT, COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant HILDEBRANDT, individually, in Count III, Plaintiff realleges and adopts, as if fully set forth in Count I and II, the allegations of paragraphs 1 through 16 and paragraphs 19 through 66.

80.     Defendant HILDEBRANDT, acting under color of state law, proximately caused Plaintiff's physical seizure and arrest and detention in the absence of probable cause that Plaintiff committed any criminal offense.

81.     The conduct of Defendant HILDEBRANDT, individually, towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983, to be free from unlawful seizure of his person, and arrest and detention in the absence of probable cause.

82.     As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. §1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

83.     As a further direct and proximate result of the conduct of Defendant HILDEBRANDT, individually, Plaintiff suffered loss of his liberty and freedom, loss of personal property, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money. Defendant HILDEBRANDT also failed

14

to safeguard Plaintiff's personal property following Plaintiff's arrest, resulting in the loss or destruction of Plaintiff's property.   Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

      **WHEREFORE**, Plaintiff demands Judgment against Defendant HILDEBRANDT for:

      a.      Judgment for compensatory damages in excess of $75,000 dollars;

      b.      Judgment for exemplary damages;

      c.      Cost of suit;

      d.      Reasonable attorney's fees, pursuant to 42 U.S.C. §1983;

      e.      Trial by jury as to all issues so triable; and

      f.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT IV**

**<u>FEDERAL LAW CLAIM AGAINST DEFENDANT HILDEBRANDT, INDIVIDUALLY,</u>**

**<u>FOR EXCESSIVE USE OF FORCE, COGNIZABLE</u>**

**<u>UNDER 42 U.S.C. §1983</u>**

For his cause of action against Defendant HILDEBRANDT, individually, in Count IV, Plaintiff realleges and adopts, as if fully set forth in all prior counts, the allegations of paragraphs 1 through 16 and paragraphs 19 through 66.

      84.      The force used by Defendant HILDEBRANDT against Plaintiff, while acting under color of state law, was unnecessary for Defendant HILDEBRANDT to defend himself, or any other person, from bodily harm during the arrest of Plaintiff.

      85.      The force used by Defendant HILDEBRANDT against Plaintiff was objectively

15

unreasonable, and constitutes the excessive use of force, in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

86.    As a result of the conduct of Defendant HILDEBRANDT, Plaintiff suffered internal injuries including broken bones.

87.    As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. §1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

88.    As a further direct and proximate result of the conduct of Defendant HILDEBRANDT, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

**WHEREFORE**, Plaintiff demands Judgment against Defendant HILDEBRANDT for:

a.    Judgment for compensatory damages in excess of $75,000 dollars;

b.    Judgment for exemplary damages;

c.    Cost of suit;

d.    Reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

e.    Trial by jury as to all issues so triable; and

f.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V

## STATE LAW CLAIM AGAINST DEFENDANT CITY OF CORAL SPRINGS FOR

## FALSE ARREST/FALSE IMPRISONMENT

For his cause of action against Defendants CITY OF CORAL SPRINGS in Count V, Plaintiff realleges and adopts, as if fully set forth in all prior counts, the allegations of paragraphs 1 through 66.

89.     The conduct of Defendant HILDEBRANDT proximately caused Plaintiff's arrest without probable cause, and in the absence of lawful authority.  The conduct of Defendant HILDEBRANDT constitutes false arrest/false imprisonment.

90.     The conduct of Defendant HILDEBRANDT, as set forth herein, occurred within the course and scope of his employment as a law enforcement officer for Defendants CITY. Pursuant to §768.28 (9)(a) of the Florida Statutes, Defendants CITY is liable to Plaintiff in tort for false arrest/false imprisonment, based upon the conduct of Defendant HILDEBRANDT.

91.     As a direct and proximate result of the acts described herein, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

92.     As a further direct and proximate result of the conduct described above, Plaintiff suffered loss of his liberty and freedom, loss of personal property, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands Judgment Defendant CITY for:

a.      Judgment for compensatory damages in excess of $75,000 dollars;

b.      Cost of suit;

c.      Trial by jury as to all issues so triable; and

d.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI

## STATE LAW CLAIM AGAINST DEFENDANT HILDEBRANDT, INDIVIDUALLY, FOR FALSE ARREST/FALSE IMPRISONMENT

For his cause of action against Defendant HILDEBRANDT in Count VI, Plaintiff realleges and adopts, as if fully set forth in all prior counts, the allegations of paragraphs  1 through 16 and paragraphs 19 through 66.

93.     The conduct of Defendant HILDEBRANDT, individually, proximately caused Plaintiff's arrest without probable cause, and in the absence of lawful authority.  The conduct of Defendant HILDEBRANDT, individually, constitutes false arrest/false imprisonment.

94.     Alternatively to the allegations set forth in Count V of Plaintiff's  Complaint, and pursuant to Federal Rule of Civil Procedure 8(e), and §768.28 (9)(a) of the Florida Statutes, Plaintiff alternatively alleges that the conduct of Defendant HILDEBRANDT occurred outside the course and scope of his employment as a police officer for Defendant CORAL SPRINGS POLICE DEPARTMENT, in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.  Defendant HILDEBRANDT, therefore, is individually liable to Plaintiff in tort for false arrest/false imprisonment.

95.     As a direct and proximate result of the acts described herein, Plaintiff has suffered

grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

96.     As a further direct and proximate result of the conduct described above, Plaintiff suffered loss of his liberty and freedom, loss of personal property, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands Judgment against Defendant HILDEBRANDT for:

a.      Judgment for compensatory damages in excess of $75,000 dollars;

b.      Cost of suit;

c.      Trial by jury as to all issues so triable; and

d.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VII

## STATE LAW CLAIM FOR BATTERY/UNNECESSARY USE OF FORCE AGAINST

## DEFENDANT CITY OF CORAL SPRINGS

For his cause of action against Defendant CITY in Count VII, Plaintiff realleges and adopts, as if fully set forth in all prior counts, the allegations of paragraphs 1 through 62.

97.     Defendant HILDEBRANDT intentionally, unnecessarily, and without legal justification, struck Plaintiff, thereby causing great bodily harm and internal injuries to Plaintiff.

98.     The force used by Defendant HILDEBRANDT was unreasonable and unnecessary for Defendant HILDEBRANDT to defend himself, or any other person, from bodily harm.

19

99.     The unreasonable and unnecessary use of force by Defendant HILDEBRANDT was clearly excessive and objectively unreasonable under the circumstances, and resulted, as Defendant HILDEBRANDT reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.   The conduct of Defendant HILDEBRANDT constitutes battery/unnecessary force under the laws of the State of Florida, pursuant to <u>Coral Springs Police Department v. Sanders</u>, 672 So.2d 46, 47 (3rd DCA 1996).

100.    The conduct of Defendant HILDEBRANDT, as set forth herein, occurred within the course and scope of his employment as a law enforcement officer for Defendant CITY. Pursuant to §768.28 (9)(a) of the Florida Statutes, Defendant CITY is liable to Plaintiff in tort for battery/unnecessary use of force, based upon the conduct of Defendant HILDEBRANDT.

101.    As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

102.    As a further direct and proximate result of the conduct described above, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money.   The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands Judgment against Defendant CITY for:

a.      Judgment for compensatory damages in excess of $75,000 dollars;

b.      Cost of suit;

c.      Trial by jury as to all issues so triable; and

d.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VIII

### STATE LAW CLAIM FOR BATTERY/UNNECESSARY USE OF FORCE AGAINST DEFENDANT HILDEBRANDT, INDIVIDUALLY

For his cause of action against Defendant HILDEBRANDT, individually, in Count VIII, Plaintiff realleges and adopts, as if fully set forth in all prior counts, the allegations of paragraphs 1 through 17 and paragraphs 21 through 62.

103.    Defendant HILDEBRANDT, in his individual capacity, intentionally, unnecessarily, and without legal justification, beat the Plaintiff, repeatedly striking the Plaintiff, throwing the Plaintiff to the ground causing great bodily harm including internal injuries.

104.    The force used by Defendant HILDEBRANDT, in his individual capacity, was unreasonable and unnecessary for Defendant HILDEBRANDT to defend himself, or any other person, from bodily harm.

105.    The unreasonable and unnecessary use of force by Defendant HILDEBRANDT, in his individual capacity, was clearly excessive and objectively unreasonable under the circumstances, and resulted, as Defendant HILDEBRANDT reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.   The conduct of Defendant HILDEBRANDT constitutes battery/unnecessary use of force under the laws of the State of Florida, pursuant to Coral Springs Police Departmentv. Sanders, 672 So. 2d 46, 47 (3rd DCA 1996).

106.    Alternatively to the allegations set forth in Count V of Plaintiff's Amended

Complaint, and pursuant to Federal Rule of Civil Procedure 8(e), and §768.28 (9)(a) of the

Florida Statutes, Plaintiff alternatively alleges that the conduct of Defendant HILDEBRANDT

occurred outside the course and scope of his employment as a police officer for Defendant CITY,

in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of

human rights, safety, or property.  Defendant HILDEBRANDT, therefore, is individually liable

to Plaintiff in tort for battery/unnecessary use of force.

107.    As a direct and proximate result of the acts described above, Plaintiff has suffered

grievously, has been brought into public scandal, and with great humiliation, mental suffering,

and damaged reputation.

108.    As a further direct and proximate result of the conduct described above, Plaintiff

suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish,

loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and

treatment, loss of earnings, loss of ability to earn money.  The losses are either permanent or

continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands Judgment against Defendant HILDEBRANDT for:

a.    Judgment for compensatory damages in excess of $75,000 dollars;

b.    Cost of suit;

c.    Trial by jury as to all issues so triable; and

d.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IX

## <u>MALICIOUS PROSECUTION CLAIM BY PLAINTIFF</u>

22

## AGAINST DEFENDANT HILDEBRANDT

For his cause of action against Defendant HILDEBRANDT, Plaintiff realleges and adopts, as if fully set forth in all prior counts, the allegations of paragraphs 1 through 16 and paragraphs 19 through 66.

109.    On or about On April 29, 2013, DEFENDANT HILDEBRANDT, acting within the scope and authority of her employment for DEFENDANT CITY, initiated criminal proceedings against PLAINTIFF Willis by arresting him falsely and without legal authority for the charge of Resisting and Obstructing a Police Officer without violence F.S. 843.02.

110.    The criminal proceedings against PLAINTIFF Willis were caused and initiated by DEFENDANT HILDEBRANDT, acting within the scope and authority of her employment for DEFENDANT CITY.

111.    Subsequently, the State Attorney formally charged PLAINTIFF Willis with Violation of Section 843.02 Florida Statutes.

112.    Subsequently, the criminal proceedings against PLAINTIFF Willis were completely terminated in his favor on or about February 26, 2014  when the case was Nolle Prosequi by the State Attorney's Office.

113.    No probable cause existed for the prosecution of PLAINTIFF Willis for any charge.

114.    With regard to this count, the prosecution was initiated with the presence of malice, fraud, reckless disregard for the truth, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of PLAINTIFF Willis, to wit: DEFENDANT HILDEBRANDT, knew no probable cause existed for the initiation of

prosecution of PLAINTIFF Willis.

115. As a direct and proximate result of the acts described above, Plaintiff Willis has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, HILDEBRANDT, for:

a. Judgment for compensatory damages in excess of $75,000 dollars;

b. Judgment for punitive damages;

c. Cost of suit;

d. Trial by jury as to all issues so triable; and

e. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT X

## 42 U.S.C. § 1983 VIOLATION BY INITIATION AND PURSUIT OF PROSECUTION WITHOUT PROBABLE CAUSE - DEFENDANT HILDEBRANDT

For his cause of action against Defendant HILDEBRANDT, Plaintiff realleges and adopts, as if fully set forth in all prior counts, the allegations of paragraphs 1 through 16 and paragraphs 19 through 66.

116. With regard to this count, the prosecution was initiated with the presence of malice, fraud, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of PLAINTIFF Willis, to wit: DEFENDANT HILDEBRANDT knew no probable cause existed for the initiation and pursuit of prosecution of PLAINTIFF Willis.

117. As a direct and proximate result of the malicious prosecution of PLAINTIFF

Willis, he has further suffered mental anguish, loss of capacity for the enjoyment of life, home confinement, physical injury, expenses of traveling to court, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, suffered loss of income attorney fees and costs of bond and defense, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

118.    The conduct of DEFENDANT HILDEBRANDT violated PLAINTIFF's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, HILDEBRANDT, for:

a.    Judgment for compensatory damages in excess of $75,000 dollars;

b.    Judgment for Reasonable attorney's fees;

c.    Cost of suit;

d.    Trial by jury as to all issues so triable; and

e.    Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as of right.

### Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been on this 2nd

day of May, 2016.


Respectfully submitted,

                                               Law Offices of Brown & Associates, P.A.
                                               Counsel for Plaintiff
                                               12 Southeast 7th Street
                                               Suite 700
                                               Ft. Lauderdale, FL 33301
                                               Telephone: (954) 764-6828
                                               Fax: (954) 764-0287

                                            By: <u>/s/ Christopher M. Brown, Esq.</u>
                                                  Christopher M. Brown, Esq.
                                                  Fla. Bar 0056170